# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LEONARD JENKINS,**

    **Plaintiff,**

    vs.

**DR. ANDREW EDDY,** *et al.***,**

    **Defendants.**

Case No. 2:19-cv-3388

Judge Michael H. Watson

Chief Magistrate Judge Elizabeth P. Deavers

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Leonard Jenkins, a state inmate who is proceeding without the assistance of counsel, brings this action against several individuals employed by Franklin Medical Center ("FMC"), Pickaway Correctional Institution ("PCI"), and Ohio Department of Rehabilitation and Correction ("ODRC"). (ECF No. 1.) On September 3, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* in this action. (ECF No. 4.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff, currently incarcerated at FMC, has named as Defendants the following fourteen

3

individuals: Dr. Andrew Eddy, Annette C. Smith, Dr. Choudry Bashir, Brian Collins, Todd Hoffman, Rosslinda Lemaster, Joshua Suedieck, John Garner, Dr. Howard Bellin, Yolanda Ewing, Tammy Blackmon, Phillip Rice, Dr. Jerry Smacker, and Dr. Arthur Hale. (ECF No. 1.) The entirety of Plaintiff's Complaint alleges as follows:

> Am a paralyzed inmate confined to a wheelchair . I have wounds on both buttocks which has [sic] been there for the last five (5) years. Dr. Andrew Eddy, is the Medical Director in Columbus, Ohio. He's the doctor who's turning everybody down for surgery. Back in Feb. 2017, I had surgery on one of my wounds on my buttock, all they did was cut a piece of skin off one place, put it over the whole. It came a lose [sic] and I ended up with five (5) infections. The wounds that I have is [sic] life threating [sic], causing me to be in and of [sic] the hospital all the time. Five years ago I was told by the doctor to wear a colostomy bag until I get my surgery, five years later no surgery. These people has [sic] been lying to me all of this time.
>
> Rosslinda Lemaster, R.N. she did my treatment on my buttocks. Joshua Suedieck, Inst. Inspector.
>
> John Garner, Nurse Practitioner. Dr. Bellin Medical Director. Yolanda Ewing, Nurse Practitioner who works with the doctor. Tammy Blackmon, R.N. Supervisor. Phillip Rice, L.P.N., pass out medicine, check and change. Dr. Jerry Smacker, Fmr. Medical Director. Dr. Arthur Hale, Chief Medical for Pickaway Corr. Inst.
>
> Would like to have surgery on my wounds immediately because anything could happen to me far as death.
>
> Am asking for 4,300,000 million and three hundred thousand. And the lawyer fees does't [sic] come out of this money.

(ECF No. at PAGEID ## 7–8.)

As a preliminary matter, Plaintiff fails to provide factual allegations sufficient to state a plausible cause of action against Defendants Smith, Bashir, Collins, Hoffman, Suedieck, Garner, Bellin, Ewing, Blackmon, Rice, Smacker, or Hale. *See Iqbal*, 556 U.S. at 678. Plaintiff simply lists their names and does not allege specific wrongful conduct by any of these named Defendant. (ECF No. 1 at PAGEID ## 1, 5–7.) Plaintiff's limited assertions therefore do not

4

support any claim arising under Section 1983 against any of these Defendants. *Iqbal*, 556 U.S. at 678; *see also Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (providing that a party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct").

Plaintiff alleges that Defendant Lemaster "did my treatment on my buttocks" and that Defendant Eddy "is the Medical Director who's turning everybody down for surgery." (ECF No. 1 at PAGEID # 7.) From the context of these allegation, it appears that Plaintiff attempts to assert that Defendants Lemaster and Eddy violated his rights under the Eighth Amendment to the United States Constitution. (*Id*.) It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir.2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011); *see also Taylor v. First Med. Mgmt.,* No. 18-5282, 2019 WL 1313828, at *2 (6th Cir. Feb. 21, 2019) (stating that, to satisfy the subjective component, "the prisoner must show that the defendant recklessly disregard[ed] the substantial risk of serious harm" by showing that "the defendant perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk") (internal quotation marks and citations omitted).

> The Sixth Circuit has also noted that in the context of deliberate indifference claims:
>
> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted). "A prisoner's allegation that a prison has failed to treat [a prisoner's] condition adequately . . . is evaluated under the effect-of-delay standard[,]" which "'requires the submission of verifying medical evidence to establish "the detrimental effect of the delay in medical treatment."'" *Anthony v. Swanson*, No. 16-3444, 2017 WL 2992224, at *3 (6th Cir. July 14, 2017) (quoting *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citation omitted)). Additionally, "[o]rdinary medical malpractice does not satisfy the subjective component." *Grose v. Corr. Med. Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010); *see also Santiago*, 734 F.3d at 591 ("[W] a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (internal quotation marks and citations omitted). Moreover, "a difference of opinion between [a prisoner] and the prison health care providers and a dispute

over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim." *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002).

Applying this standard to his allegations against Defendants Lemaster and Eddy, Plaintiff's Complaint does not show that either of these Defendants perceived facts from which they inferred substantial risk to Plaintiff, that they did in fact draw the inference, and that they then consciously disregarded that risk. (*See generally* ECF No. 1 at PAGEID # 7.) Instead, Plaintiff admits that he was in and out of the hospital receiving treatment. (*Id.*) While Plaintiff complains at one point that he was "told by the doctor to wear a colostomy bag until I get my surgery, five years later no surgery[,]" he also admits that he indeed "had surgery on one of [his] wounds on [his] buttock" in February 2017. (*Id.*) Nothing in the Complaint suggests that additional surgery was medically indicated. (*Id.*) To the extent that Plaintiff believes that the actions and/or inaction of Defendants Lemaster and Eddy amounted to medical negligence or malpractice, as previously discussed, medical incompetence or medical malpractice is insufficient to state a claim for deliberate indifference under the Eighth Amendment. *See Grose*, 400 F. App'x 986, 988; *Santiago*, 734 F.3d at 591. Similarly, to the extent that Plaintiff believes that he should have received different or additional treatment beyond what he received, his disagreement "over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim." *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003); *see also Apanovitch*, 32 F. App'x 704, 707; *cf. Koos v. Corr. Corp. of Am.*, 63 F. App'x 796, 797 (6th Cir. 2003) ("A mere difference of opinion between the plaintiff and his doctor regarding diagnosis and treatment does not state a claim under the Eighth Amendment."). For all of these reasons, Plaintiff has failed to plausibly allege medical indifference claims and, therefore, his claims must be dismissed

7

pursuant to 28 U.S.C. § 1915(e)(2).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for relief on which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Order and Initial Screen Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


DATED: September 9, 2019
/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**